**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : : : v. : : Case No. 1:13-CR-17 (WLS) CHANDRA F. HENDERSON, : : Defendant. : : | |

## ORDER

Presently pending before the Court is Defendant Chandra Henderson's Motion for Reconsideration styled "For the Consideration of this Stay." (Doc. 30.) Defendant's Reconsideration Motion concerns the Court's August 30, 2013 Order striking Defendant's *pro se* Motion to Postpone Voluntary Surrender Date and denying Defendant's *pro se* Motion to the extent it is considered a recusal motion. (Doc. 29.) In the instant motion, Defendant requests that the undersigned recuse himself from consideration of Defendant's Request for a Stay because the undersigned presided in Defendant's criminal case and is now assigned to Defendant's 42 U.S.C. § 1983 action in Case No. 1:13-cv-140. (Doc. 30 ¶¶ 1, 6.)

The Federal Rules of Civil Procedure are silent regarding motions for reconsideration. Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. If such motions are deemed "absolutely necessary," the same shall be filed within fourteen (14) days after entry of the order or judgment. (Id.) As the Eleventh Circuit noted in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-86 (11th Cir. 1993), relief granted from motions for reconsideration are within "the sound discretion of the district judge." It is the practice of this Court to grant a motion for reconsideration only

1

when the movant timely demonstrates that either: 1) there has been an intervening change in the law; 2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or 3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Defendant has made no showing that any of the aforementioned factors exist to vacate the Court's August 30, 2013 Order.[1]  There are no grounds for recusal, and Defendant surrendered to the Bureau of Prisons on September 4, 2013, thereby making her request for a stay of her surrender date moot.  Therefore, for these reasons, Defendant's Motion for Reconsideration (Doc. 30) is **DENIED**.

**SO ORDERED** this  6th  day of August, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

---

[1] The Court's August 30, 2013 Order struck Defendant's *pro se* motion on the grounds that Defendant is represented by Robert McLendon. (Doc. 29.) On September 4, 2013, Mr. McLendon filed a letter wherein he stated that he considers his representation of Defendant to have concluded. (Doc. 31.) Mr. McLendon also noted that Defendant declined his assistance with her request to stay her surrender date. (*Id.*) Under this Court's local rules, however, "[c]ounsel appointed by a judicial officer of this court shall, unless excused by order of court, continue to act for the party for whom appointed throughout all proceedings in this court." M.D. Ga. L. Crim. R., Appx. A(V).  Thus, the Court's conclusion that Defendant is currently represented by Mr. McLendon remains undisturbed and is not properly negated by the parties' agreement.